ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| BENJAMÍN ROSA RAMOS, Recurrente, v. DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN, Recurrida. | KLRA202400515 | REVISIÓN procedente del Departamento de Corrección y Rehabilitación. Sobre: Regla 9. |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 16 de octubre de 2024.

La parte recurrente, señor Benjamín Rosa Ramos (señor Rosa), presentó su petición de revisión judicial de decisión final administrativa el 23 de septiembre de 2024. No obstante, examinado el escrito presentado por el señor Rosa, nos percatamos de que él no había cancelado los aranceles de presentación, ni presentado su solicitud para litigar en forma *pauperis*. De igual forma, su recurso carecía de documento alguno que nos permitiera auscultar nuestra jurisdicción.

Así las cosas, el 26 de septiembre de 2024, emitimos una resolución mediante la cual otorgamos al señor Rosa un término de diez (10) días para someter el formulario para comparecer como indigente debidamente cumplimentado, así como todos los documentos pertinentes a su recurso; ello, so pena de la desestimación del recurso. Le referida resolución le fue notificada el 27 de septiembre de 2024.

El 9 de octubre de 2024, el señor Rosa compareció y sometió el documento intitulado *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia*. Sin embargo, el señor Rosa omitió adjuntar documento alguno en apoyo de sus alegaciones.

Ante este cuadro, prescindimos de la comparecencia del Departamento de Corrección y Rehabilitación, y resolvemos.

Número identificador

SEN2024_____

II

A

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976). De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

De otra parte, la falta de jurisdicción sobre la materia: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal ni el tribunal lo puede hacer *motu proprio*; (3) los dictámenes son nulos (nulidad absoluta); (4) los tribunales deben auscultar su propia jurisdicción; (5) los tribunales apelativos debemos examinar la jurisdicción del foro de donde procede el recurso; y, (6) el planteamiento sobre jurisdicción sobre la materia puede hacerse en **cualquier etapa** del procedimiento por cualquiera de las partes o por el tribunal *motu proprio*. *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, a la pág. 855.  Por su parte, la Regla 83(c) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(c), nos permite desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia, por los motivos consignados en el inciso (b) de la Regla 83.  En específico, la Regla 83(b)(1) provee para la desestimación de un pleito por falta de jurisdicción.

B

Si bien la Ley de la Judicatura de 2003 tuvo como uno de sus propósitos hacer más accesible la justicia apelativa a la ciudadanía,

flexibilizando los procesos apelativos, **ello no supuso dar al traste con los requisitos mínimos exigidos para atender ordenadamente los recursos que se presentan ante este foro apelativo intermedio**. Mucho menos pretendió eliminar los términos jurisdiccionales para acudir en alzada. *Morán v. Martí*, 165 DPR 356, 368-369 (2005).

Debemos tener presente, además, que la verificación de todos los requisitos de forma y de contenido previstos para las diversas gestiones apelativas, no solo resulta en beneficio del foro intermedio, sino también de la parte contra la cual las mismas se prosiguen. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).

Por último, debemos apuntar que el hecho de que las partes litigantes comparezcan por derecho propio, por sí solo, **no** justifica que ellas incumplan con las reglas procesales. Ello cobra mayor importancia en el caso de aquellas normas procesales que establecen términos jurisdiccionales o de cumplimiento estricto. *Febles v. Romar,* 159 DPR 714, 722 (2003).

Es menester destacar que el Tribunal Supremo de Puerto Rico ha sido enfático al expresar que, de no observarse las disposiciones reglamentarias al respecto, nuestro ordenamiento autoriza la desestimación del recurso. *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008). Sin embargo, ante la severidad de esta sanción, el Tribunal Supremo exige que nos aseguremos de que el incumplimiento con las disposiciones reglamentarias aplicables haya provocado un impedimento real y meritorio para que podamos considerar el caso en los méritos. *Román et als. v. Román et als.*, 158 DPR 163, 167 (2002). A modo de ejemplo, "[u]n recurso que carece de un apéndice, con los documentos necesarios *para poner al tribunal en posición de resolver*, **impide** su consideración en los méritos". *Íd.* (Énfasis nuestro; bastardillas en el original).

C

Entre los requisitos a satisfacer en los recursos de revisión judicial de determinaciones finales administrativas la Regla 59 de nuestro Reglamento exige la inclusión de: la cubierta; el epígrafe; la información de los abogados y las partes; la información del caso; un índice; señalamientos de error y un apéndice; entre otros requisitos. 4 LPRA Ap. XXII-B, R. 59. Con respecto al apéndice**, este deberá contener copia de las alegaciones de las partes ante la agencia; la determinación recurrida; toda moción, resolución u orden necesaria para establecer la jurisdicción de este Tribunal o que sea pertinente a la controversia**. *Íd.*

Reiteramos lo apuntado por el Tribunal Supremo de Puerto Rico, a los efectos de que el mero hecho de que una parte comparezca por derecho propio, por sí solo, **no** puede justificar el incumplimiento con las reglas procesales. *Febles v. Romar,* 159 DPR, a la pág. 722.

III

Un examen del trámite del recurso presentado por el señor Rosa revela que este no nos colocó en posición de auscultar nuestra jurisdicción o de ejercer nuestra función revisora.

Según discutimos, este Tribunal únicamente podrá revisar, como cuestión de derecho, las sentencias finales del Tribunal de Primera Instancia, las decisiones finales de los organismos y agencias administrativas y, de forma discrecional, cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia.

A pesar de la oportunidad que se le brindó, el señor Rosa no nos colocó en posición de intervenir para ejercer nuestra facultad revisora. Si bien en su escrito el señor Rosa aludió a determinaciones del Departamento de Corrección, lo cierto es que no las adjuntó a su apéndice y, vencido el término otorgado para ello, tampoco las presentó. **Ante el referido incumplimiento no nos resta otro curso de acción que la desestimación.**

IV

Por los fundamentos expuestos, desestimamos el presente recurso de revisión judicial.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

La Juez Lebrón Nieves emite su voto de conformidad y hace constar que hubiese desestimado el recurso desde el inicio, debido al craso incumplimiento de la parte recurrente con las disposiciones de nuestro Reglamento.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones